11-3183-ag
Liu v. Holder
BIA
Weisel, IJ
A099 029 402

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of August, two thousand twelve.

PRESENT:
>  JON O. NEWMAN,
>  REENA RAGGI,
>  PETER W. HALL,
>    *Circuit Judges.*

_____

MEI Y. LIU,
>  *Petitioner,*

>  v.                                           11-3183-ag
>                                               NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>  *Respondent.*

_____

FOR PETITIONER:        Gerald Karikari, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Carl H. McIntyre, Assistant Director, W. Daniel Shieh; Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Mei Y. Liu, a native and citizen of the People's Republic of China, seeks review of a July 13, 2011, decision of the BIA affirming the August 13, 2009, decision of Immigration Judge ("IJ") Robert D. Weisel, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Y. Liu*, No. A099 029 402 (B.I.A. Jul. 13, 2011), *aff'g* No. A099 029 402 (Immig. Ct. N.Y. City, Aug. 13, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v.* Mukasey, 534 F.3d 162, 165-66 (2d Cir. 2008).

**I.    Forced Abortion – Adverse Credibility Finding**

For asylum applications, like Liu's, governed by the

2

REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility finding on . . . the consistency between the applicant's or witness's written or oral statements,. . . without regard to whether an inconsistency . . . goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-66.

Substantial evidence supports the agency's adverse credibility determination, which was reasonably based on Liu's failure to mention her alleged abortion in an airport interview or credible fear interview despite basing her asylum application on her forced abortion and testifying at length concerning her abortion before the IJ. *Xiu Xia Lin*, 534 F.3d at 166 (For purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent."). Furthermore, despite Liu's claims that her airport and credible fear interviews were inherently unreliable, an examination of the record demonstrates that the interviews represented a "sufficiently accurate record" of her statements. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178-80 (2d Cir. 2004) (when discrepancies arise from an applicant's statements in an

airport or credible fear interview, a reviewing court examines the record to ensure it represents a "sufficiently accurate record" upon which to base a credibility determination). The record reflects: (1) a verbatim transcript of both of Liu's interviews; (2) that the questions posed to Liu were open-ended and designed to elicit the details of her asylum claim;(3) that Liu freely revealed to her interviewing officers information concerning her fear of harm at the hands of Wang, her unwanted suitor,; and (4) that Liu conceded that she understood the interpretation provided during both interviews. While Liu asserted that she omitted the abortion from her interviews because she was young and unaware that a forced abortion was a basis for asylum, the agency reasonably rejected these explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005). Ultimately, because the agency's adverse credibility determination was based on a "sufficiently accurate" record of Liu's statements, it was supported by substantial evidence. *Ramsameachire*, 357 F.3d at 179-80; *see also Xiu Xia Lin*, 534 F.3d at 167. Because the agency's adverse credibility determination was supported by substantial evidence, it necessarily precludes success on

Liu's claims for withholding of removal and CAT relief on the basis of her alleged abortion. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *see Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

**II. Forced Marriage – Waiver**

The agency did not err in determining that the harm Liu asserted at the hands of Wang, her unwanted suitor, did not bear a nexus to a protected ground. In addition to showing past persecution or a well-founded fear, asylum eligibility requires that the persecution an individual alleges be on account of the applicant's race, religion, nationality, political opinion, or membership in a particular social group. 8 U.S.C. § 1101(a)(42). Liu argues that she suffered past persecution because Wang "harassed her and used boiling water to injure her leg" and that her future fear of harm by Wang is well-founded because he is still looking for her. However, this argument is not responsive to the BIA's finding that "to the extent [Liu] argues that her harassment stemming from her refusal to marry the son of a local town leader qualifies her for asylum, she has failed to establish the requisite nexus under the Act." Moreover, while CAT relief does not require a nexus to a protected ground, *see* 8 C.F.R. §§ 1208.16(c), 1208.17, Liu likewise

fails to present any arguments regarding her CAT relief eligibility based on her fear of harm by Wang. Consequently, we decline to consider any arguments concerning the harm she suffered or fears as a result of her refusal to marry Wang. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk